NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAD T. GRIMM,<br><br>        Plaintiff,<br><br>   v.<br><br>ALLIANT CAPITAL MANAGEMENT, LLC,<br><br>        Defendant. | Case No. 2:19-cv-09254<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes CHAD T. GRIMM ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of ALLIANT CAPITAL MANAGEMENT, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

1

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a 38 year old consumer residing in Northridge, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection agency holding itself out as "a receivable management company specializing in the recovery of consumer indebtedness."[1] Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 210 John Gleen Drive, Suite 10, Amherst, New York.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer obligation ("subject debt") allegedly owed by Plaintiff.

---

[1] https://www.alliantcapital.net/about-us/

10. The subject debt stems from a personal installment loan Plaintiff received from Check 'N Go several years ago.

11. The loan Plaintiff received was used entirely for Plaintiff's personal use.

12. Plaintiff is disabled and receives social security income and, due to the limited nature of his finances, Plaintiff fell behind on his purported obligations to Check 'N Go.

13. After incurring the subject debt, Plaintiff allegedly defaulted on his payments, after which point the debt was turned over to Defendant for collection.

14. Approximately 6 months ago, Plaintiff began receiving phone calls from Defendant to his cellular phone, (818) XXX-6024, during which Defendant would attempt to collect the subject debt.

15. At no point in the course of Plaintiff's dealings with Defendant has Defendant sent Plaintiff a written communication outlining Plaintiff's rights to seek debt validation under § 1692g, nor were these disclosures of Plaintiff's rights ever provided to Plaintiff orally.

16. When Plaintiff spoke with Defendant, he attempted to work with Defendant towards a resolution of the subject debt that he could afford, given the limited nature of his income.

17. However, Defendant was unwilling to work with Plaintiff.

18. Instead, Defendant pressured Plaintiff into making payment arrangements, lest he suffer certain negative consequences by failing to pay.

19. Defendant further specifically threatened to garnish Plaintiff's social security income in the event he did not make payment in connection with the subject debt.

20. As a result of Defendant's pressure tactics, Plaintiff agreed to make payments of $100 per month in order to address the subject debt.

21. As such, Plaintiff was misled and deceived into agreeing to enter a payment arrangement with Defendant, as Plaintiff's social security income would be exempt from any potential garnishment that could ever potentially come about as a result of the subject debt.

22. Furthermore, Plaintiff was unfairly misled and deceived into agreeing to enter a payment arrangement with Defendant, without ever being provided notice of the rights afforded to Plaintiff under the FDCPA.

23. Plaintiff has suffered financial loss including expending assets dealing with Defendant's conduct, including the actual damages he sustained as a result of Defendant's conduct.

24. Plaintiff has further suffered a violation of his state and federally protected interests as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The representation of implication that nonpayment of any debt will result in . . . the seizure, garnishment, attachment, or sale of any property or wages of any

person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

"The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(4), e(5), and e(10) when it falsely represented that it would go after Plaintiff's social security income in the event payment on the subject debt was not made. It would be entirely unlawful for Defendant to go after Plaintiff's social security income in connection with the subject debt, as such income would be exempt from any seizure or garnishment efforts which may have been made in connection with the subject debt. Defendant's representations to the contrary constitute false, deceptive, and misleading representations, and further constitute the threat to take certain action – including seizing Plaintiff's property – which Defendant would lack the lawful ability to take.

33. Defendant further violated § 1692e, e(2)(A), and e(10) through its failure to provide Plaintiff with a disclosure of the rights afforded Plaintiff under the FDCPA. Through its omission, Defendant deceptively and misleadingly attempted to conceal from Plaintiff the nature of his rights to dispute the debt and obtain validation of the subject debt. Defendant's conduct had the impact of misleading and deceiving Plaintiff as to the nature of his rights under the FDCPA.

**b. Violations of the FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendants violated § 1692f through the unfair pressure they put on Plaintiff to address the subject debt without first providing Plaintiff notice of the rights afforded to him under the FDCPA. Defendant's failure unfairly and unconscionably withheld information from Plaintiff regarding his

5

vital rights provided under the FDCPA. Failing to provide this required information, in combination with the pressure tactics Defendant used to compel Plaintiff to agree to address the subject debt, present the precise sort of unfair and unconscionable conduct sought to be eradicated through § 1692f of the FDCPA.

### c. Violations of the FDCPA § 1692g

36. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, within five days of their initial communication with a consumer, provide such consumer with information about the debt serving as the basis of the collection efforts as well as information outlining certain rights available to consumers under the FDCPA.

37. Defendant violated § 1692g(a) through its complete failure to, at any point, provide Plaintiff the requisite disclosures under § 1692g(a). Defendant's failure to provide these disclosures left Plaintiff completely unaware of his rights, and harmed Plaintiff as he proceeded under the assumption that no such rights were available to him.

WHEREFORE, Plaintiff, CHAD T. GRIMM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.17

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

43. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, f, and g of the FDCPA. Defendant engaged in false, deceptive, unfair, and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

44. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, CHAD T. GRIMM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: October 28, 2019

Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wadjalawgroup.com